IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAYS INNS WORDWIDE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:3:03 cv 212 MJR |
| ) | |
| KISHOR N. PATEL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion to Release Garnished Funds filed by the plaintiff, Days Inns Worldwide, Inc., on March 14, 2005 (Doc. 41). For the reasons set forth below, the motion is **GRANTED**.

Background

On December 21, 2004, a consent judgment was entered in favor the plaintiff, Days Inns Worldwide, Inc., and against the defendant, Kishor N. Patel, in the amount of $115, 000.00. On February 24, 2005, a Writ of Garnishment was issued to the Bank of Edwardsville where the defendant, along with third parties, Hemlata K. Patel and Chirag K. Patel, held a joint account containing $1,259.00. The plaintiff is seeking the release of these funds in order for the judgment to be partially satisfied.

On March 29, 2005, the motion was taken under advisement and the matter was set for a hearing to occur on April 27, 2005. The Clerk was directed to mail a copy of the order to the third parties at their last known addresses in Pratt, Kansas. Neither the defendant nor the third parties appeared at the April 27, 2005 hearing. This matter was reset for a show cause hearing as to why the funds should not be released. Notice of this hearing was again sent to the defendant

Case 3:03-cv-00212-MJR-DGW   Document 48   Filed 05/20/05   Page 2 of 3   Page ID #279

and the third parties.  At the second hearing, on May 20, 2005, the third parties did not appear.  However, the defendant appeared, by Attorney Cody Moon, and indicated that he had no objection to the plaintiff's motion.  Attorney Moon also indicated that the did not know who the third parties are or what their relationship to the defendant is.

<div style="text-align:center">Discussion</div>

The release of funds pursuant to a garnishment is governed by state law.  In this case, the funds are held by three account holders, including the defendant.  Pursuant to Illinois law:

> if a garnishee answers that a judgment debtor holds money in a joint bank account, this is sufficient proof to establish a prima facie case for the judgment creditor that the money in the account belonged to the judgment debtor.  The burden is then upon the other party to the joint account to prove what part, if any, of the funds in such account belonged to him.

Leaf v. McGowan, 141 N.E.2d 67, 71 (Ill. Ct. App. 1957).

The third parties have been given ample opportunity to assert an interest in the bank account held with the Bank of Edwardsville.  Notices of the motion and hearings were mailed to the third parties not only by the Court, but also by the plaintiff.  There is no indication in the docket that any of the notices mailed by the Clerk were returned as undeliverable.  Therefore, this Court can only conclude that the third parties do not wish to assert an interest in the bank account.  As there has been no objection, the funds must be released.

For the foregoing reasons, the Motion to Release Garnished Funds filed by the plaintiff, Days Inns Worldwide, Inc., on March 14, 2005 is **GRANTED** (Doc. 41).  The garnishee, the Bank of Edwardsville, is **ORDERED** to release the funds, in the amount of $1,259.00, from the account held by Kishor, Hemlata, and Chirag Patel, to the judgement creditor, Days Inns

Worldwide, Inc., in care of its counsel, Karrie J. Clinkinbeard, Armstrong Teasdale, LLP, 2345 Grand Boulevard, Suite 2000, Kansas City, MO 64108.  The plaintiff SHALL be responsible for serving a copy of this order on the Bank of Edwardsville.

**DATED: May 20, 2005.**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**